IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY DRUMMOND,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **RESPIRATORY SLEEP** ) <br> **SOLUTIONS DBA STRATUS** ) <br> **NEURO,** ) <br> ) <br> **Defendant.** | **CIVIL ACTION NO.** <br> **1:24-CV-00072-TFM-B** |

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED that the documents and other information, including the substance and contents thereof, designated by the parties as confidential and proprietary, and produced by the parties in response to any formal or informal requests for discovery in this litigation, shall be subject to the terms of this Protective Order as set forth below:

1. Confidential Information - Defined: Any information produced by the parties during the course of discovery that is not generally known by or disclosed to the public, including any information relating to trade secrets, competitively sensitive information, or employment or personnel related records of employees other than the plaintiff, which is maintained by a company in a confidential

1

manner, may be designated as "Confidential." All documents that contain private medical information of plaintiff may also be designated as "Confidential." Additionally, all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced by a party, answers to requests for production of documents, answers to requests for admission, answers to interrogatories, documents subpoenaed from a party, and deposition transcripts, may also be designated as "Confidential" by any party, but the opposing party may object to the designation of any item as confidential. Any matter designated by a party as "Confidential" may only be disclosed to the following persons:

(a) The parties and attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of the corporate parties, their in-house counsel and in-house counsel's administrative and paralegal assistants;

(b) Experts or consultants hired by or consulted by such attorneys in connection with this action but only on the condition that the identity of such experts or consultants be disclosed, the expert or potential expert agrees to the restrictions set forth herein, and the party producing the documents does not make written objection, within three business days after disclosure, for cause to disclosure to such experts or consultants;

(c) The principals, officers and clerical staff of the parties to this action and such other employees of a party who are likely to be witnesses or are potential witnesses to the extent counsel reasonably deems necessary for the preparation and trial of this action;

(d) Deponents and court reporters in this action;

    (e)    Third party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action;

    (f)    The Court and Court's personnel; and

    (g)    Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this action.

2.    Any party from time to time may designate as "Confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy and is necessary to protect the party's operational practices, trade secrets, proprietary interest or non-public information.

3.    To the extent feasible, all confidential information shall be stamped "CONFIDENTIAL" prior to its production. Each party shall designate material it deems to be "CONFIDENTIAL" in the following manner:

    (a)    By stamping all documents with the designation "CONFIDENTIAL."

    (b)    By imprinting the designation "CONFIDENTIAL" next to each answer to an Interrogatory.

    (c)    By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "CONFIDENTIAL."

    (d)    By affixing to the canister or cassette of all videotapes, DVDs, CDs, and audiotapes the designation "CONFIDENTIAL."

4. In the event that a party inadvertently fails to designate any confidential information, the party producing that information may within thirty days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated as confidential as such until further order of the court. The opposing party may object to the designation of the items designated as confidential after first trying to reach an agreement with the producing party.

5. In the case of deposition testimony, counsel for the person being deposed shall, within fourteen days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). Counsel taking the deposition that has been designated as confidential shall have fourteen days after receipt of the designations to inform opposing counsel of their objection to the portions of the deposition designated as confidential. During the initial fourteen-day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for

business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this action.

7. If the non-designating party wishes to file Confidential Discovery Materials or Confidential Deposition Testimony, the non-designating party shall follow the procedure set forth in General L.R. 5.2 for placing the document under seal, after which the opposing party—if it wishes the document to remain sealed—shall file a motion setting forth the basis.

8. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

9. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

10. Six years after the conclusion of trial and all other proceedings related to this action, all Confidential Discovery Materials shall be returned to the producing party at its written request, or destroyed in a mutually agreeable manner,

and all excerpts and summaries thereof shall be destroyed. "Destroyed" in the case of information stored electronically shall require the destroying party to take reasonable steps to make the materials reasonably inaccessible. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

11. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying and/or further protecting Confidential Discovery Materials and/or Confidential Deposition Testimony. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of permissible discovery in this matter.

Done this 6th day of August, 2024.

Sonja F Bivins
Digitally signed by Sonja F Bivins
Date: 2024.08.06 12:36:59 -05'00'

United States Magistrate Judge