# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA MOBILE DIVISION

**JEREMY DRUMMOND,**

    **Plaintiff,**

v.              Case No.: 1:24-cv-00072-TFM-B

**STRATUS NEURO,**

    **Defendant.**

Comes now Plaintiff, Jeremy Drummond, and files this Motion to Quash the lien filed by Constance Cooper and request for an expedited hearing in the above styled matter. In support of the position that the lien should be quashed in its entirety or at a minimum, Barrett & Farahany should be required to substantiate the fees and expenses claimed so that Plaintiff may review and object to the propriety of the lien, Plaintiff avers the following:

## FACTS

1. Plaintiff retained the services of Kira Fonteneau, a lawyer formerly associated with Barrett and Farahany to represent him in the instant matter.

2. At the time of the retention, Drummond and Fonteneau executed a contingency fee agreement governing the terms of the reprentation.

3. Thereafter, Fonteneau served as attorney of record in the case and filed the instant action seeking damages for discrimination and retaliation.

4. No other attorney from Barrett and Farahany ever entered an appearance as attorney of record or performed any substantial work in this matter for the Plaintiff.

5. On or about September 10, 2024, Plaintiff's counsel, Kira Fonteneau announced her intention to resign her employment with Barrett & Farahany. Ms. Fonteneau and Barrett and Farahany's CEO then agreed to have Attorney Fonteneau work out a transition period, through the end of the year, in which Attorney Fonteneau would work on exiting the firm and into her new firm, while handling matters for the firm.

6. During that transition period, Fonteneau continued to work on the case as Plaintiff's sole counsel and eventually came to a tentative resolution of this matter but had not agreed to final terms on the settlement agreement.

7. On or about September 25, 2024, Barrett & Farahany elected to accept Fonteneau's resignation effective immediately triggering the need to notify clients of the need to make elections concerning their choice of attorney.

8. Ultimately, Drummond elected to terminate his agreement with Barrett & Farahany and hire Fonteneau's new firm to represent him.

9. The parties later reached and finalized an agreement and have executed all documents necessary to effectuate settlement leaving only the matter of disbursement of the settlement to Plaintiff.

10. On or about October 29, 2024, Amanda Farahany of Barrett & Farahany, an attorney licensed only in Georgia, emailed a series of form letters to clients, including Drummond, who had elected to terminate Barrett & Farahany and retain Fonteneau as counsel claiming that the firm was owed fees for services rendered before its contract was terminated.

11. The letter asserted that "[p]ursuant to our representation agreement with our client, we are entitled to a lien for the reasonable value of services rendered, costs advanced, and expenses incurred[.]," but failed to identify what amount, if any, the firm requested be withheld.

12. Although Ms. Farahany was aware that Drummond was represented by counsel in the instant matter, she did not send the letter to Plaintiff's counsel.

13. After learning of Farahany's communications, on or about November 4, 2024, Plaintiff's counsel sent Barrett & Farahany's counsel Exhibit A, an email advising Barrett & Farahany that the instant case was resolved and requesting an itemization of any lien asserted.

14. The email also provided the firm with an itemization of the time that had been maintained contemporaneously by Plaintiff's counsel during her employment with Barrett & Farahany to aid in the timely reduction of the lien to a sum certain.

15. Neither Farahany, Barrett & Farahany, or its counsel responded to the request to acknowledge receipt or to return the information and document requested.

16. On or about November 6, 2024, Constance Cooper, Barrett & Farahany's lone lawyer licensed in Alabama filed a Notice of Lien in the instant action (Doc. 23) but failed to attach the agreement upon which she based her assertions to the Court.

**17.** In that Notice, Cooper alleges to the Court without providing a copy for the Court's review, that **based on the fee agreement** the firm is entitled to "the time

4

spent by the **departed attorneys** rate at $500 per hour or a percentage of the fee, dependent on when the matter resolves, whichever is greater, **information that cannot be specified at this time."** (Emphasis added)

18. The case was settled at the time of the filing.

19. Barrett & Farahany maintains a case management system which it uses to track time, expenses and access documents and information related to legal matters.

20. Contrary to the assertions in the filing made with this court, at the time of the filing, Barrett & Farahany had an accounting of the expenses and all fees claimed in this case, yet failed to disclose the amount it is requesting for its lien to Drummond, this Court, or opposing counsel.

21. In addition, Barrett & Farahany, through its attorneys Constance Cooper and Amanda Farahany, have filed similar liens in numerous other cases contemporaneously in two states, many of which assert without factual basis that it could not ascertain the fees owed or that it was entitled to fees pursuant to terms in agreements that do not exist.

# ARGUMENT

**A. Cooper's lien is improper.**

This Court should quash Cooper's lien becauase she is not a proper party to enforce a lien in this case. The Alabama Code provides attorneys a statutory lien to collect fees in cases in which they perform work. The statute states in pertinant part,

**(b)** Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them. Ala. Code § 34-3-61 (LexisNexis, Lexis Advance through the end of the 2024 Regular Session, but not including corrections and changes made to the 2024 session laws by the Code Commissioner. ***)

However, the power to enforce such a lien lies only with attorneys of record. The Alabama Courts have long held that attorneys' liens are a limited remedy available only to those lawyers who have actually performed work in a legal matter by appearing on the record or in pleadings. In a case similar to this one, the Alabama Court of Civil Appeals clearly articulated that "[i]nasmuch as Haynes was not attorney of record at the time, and did not sign the pleadings or actively participate

in the crucial phases of litigation, she is not a proper party to claim or enforce a lien on the authority of Ala. Code 1975, § 34-3-61. *Eaton v. Keller Plumbing Co.,* 587 So. 2d 338, 339 (Ala. Civ. App. 1991)

 Moreover, although an attorney's lien is a creature of state law, "[f]ederal courts sitting in a state enforce that state's statute creating attorneys' liens. *Twin Pines Coal Co., Inc. v. Twin Pines, LLC*, No. 2:09-cv-1403-SLB, 2013 U.S. Dist. LEXIS 22053, at *11 (N.D. Ala. Feb. 19, 2013). But they must only do so when the party seeking such lien is a proper party. *See Id*. at 15 (holding that a lawyer who had never entered an appearance on behalf of the party from whom he sought fees was not a proper party to bring a claim under the Alabama attorney's lien statute.) The Docket in this case unequivocally shows that Constance Cooper has performed no work in the instant matter.  She has never filed a Notice of Apperance in this matter and the plain language of her filing indicates that she seeks to claim fees for the "departed attorneys" including the undersigned, for work performed while employed by Barrett & Farahany. Such a claim is not cognizable under the Alabama attorney's lien statute and the Notice of Lien is due to be quashed.

### B. Cooper has not perfected the lien.

Even if Cooper could establish that she was a proper party under the lien statute, her claim for a lien must still fail because she failed to support the claim with evidence. When evaluating the factors applicable to the determination of reasonable attorney fees, "it is generally recognized that the first yardstick that is used by the trial judges is the time consumed." *Harris v. Capell & Howard, P.C.,* 280 So. 3d 419, 426 (Ala. Civ. App. 2019).  Cooper, in filing the Notice provided no information from which this Court could determine the amount of the lien.  Instead, the filing seeks only to impede the Plaintiff's ability to fully resolve this matter without the Defendant first reserving for her firm some portion of the contingency fees she contends are due to be paid to her firm by Plaintiff's current counsel.  In doing so, Cooper has impeded Plaintiff's access to the settlement to which it is entitled in order to gain advantage in a matter collateral to this case. This conclusion is supported by the fact that the lien only requests that the fees allocated in the settlement be withheld for some undetermined time in the future because "the fee cannot be specified at this time."

Moreover, Cooper's filing makes no mention of why the fee cannot be ascertained at this time. The filing indicates that the fee agreement, which was not provided to the Court for review, provides for a quantum meruit fee recovery based on a calculation of hours by lodestar or a percentage of the settlement depending on the stage of the case. However, the notice does not indicate the hours or the percentage due and owing. If Cooper has a cognizable claim at all she must come forth with sufficient evidence of the hours claimed for the Court to to determine what fee, if any, is due. Given that Cooper presents no evidence of the fees owed in her notice, no reason why the fee cannot be ascertained and Barrett & Farahany was asked to substantiate its claim for fees before the lien notice was filed and have failed or refused to provide such information, this Court should quash the lien for lack of evidentiary support.

For all the foregoing reasons, Plaintiff respectfully requests that this honorable Court set this matter down for an expedited hearing to determine the sufficiency of the Notice and upon hearing, quash the Notice of Lien as improperly filed.

Respectfully submitted on November 9, 2024.

Respectfully Submitted on November 9, 2024.

                                                 */s/Kira Fonteneau*
                                                 Kira Fonteneau ASB-7338-k58f

                                                 Counsel for Jeremy Drummond

OF COUNSEL:

The Workers Firm LLC
2 North 20th St, Suite 900
Birmingham, AL 35203
T. 404.382.9660

## CERTIFICATE OF SERVICE

I certify that on November 9, 2024, I electronically filed the foregoing document which will serve copies to all counsel of record.

    Mr. Patrick Schach
    Mr. Tucker Crain
    Littler Mendelson P.C.
    420 20th Street North, Suite 2300
    Birmingham, AL 35203
    Pschach@littler.com
    TCrain@littler.com

Attorneys for Stratus Neuro

*/s/Kira Fonteneau*
Kira Fonteneau
