**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JEREMY DRUMMOND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACT. NO. 1:24-cv-72-TFM-B |
| | ) |
| **RESPIRATORY SLEEP SOLUTIONS,** | ) |
| **d/b/a STRATUS NEURO,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion to quash.[1]  Doc. 24, filed November 9, 2024. Plaintiff Jeremy Drummond seeks to quash the lien that was filed in this matter by Constance Cooper, Esq., on behalf of the law firm of Barrett & Farahany or, in the alternative, require the Barrett & Farahany substantiate their claimed fees and expenses.  *Id.*  Having considered the motion, response (Doc. 27), amended reply (Doc. 31), arguments that were presented at oral argument, and relevant law, the motion is **GRANTED** as discussed in this opinion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   Factual Background**

On November 19, 2021, Plaintiff entered into a representation agreement with Non-Party Barrett & Farahany ("Barrett & Farahany").  Doc. 27-1.  Kira Fonteneau, Esq. ("Fonteneau"), signed the agreement on behalf of Barrett & Farahany.  *See id.* at 4.  The agreement includes a contingency fee agreement.  *Id.* at 2.  On March 6, 2024, the complaint in this matter was filed in

---

[1] Plaintiff Jeremy Drummond did not title his motion to quash but refers to a "Motion to Quash" in the preamble of his motion.  *See* Doc. 24.  The motion is also labeled as a "Motion to Quash" on the electronic docket sheet.  *See* Docket Sheet.

this Court by Fonteneau, and she remains Plaintiff's sole attorney of record.  Doc. 1; *see* Docket Sheet.

On September 10, 2024, Fonteneau announced her intent to resign her employment with Barrett & Farahany, and her employment with the firm ended on September 25, 2024.  Doc. 24 at 2; Doc. 27 at 2.  Plaintiff elected to follow Fonteneau to her newly formed firm to continue her representation of him and pursue the claims that are before this Court.  Doc. 24 at 3; Doc. 27 at 2.  The parties in this matter settled the claims and executed relevant settlement documents, which left only the disbursement of funds to Plaintiff to be resolved.  Doc. 24 at 3.

However, before the funds were disbursed, on November 6, 2024, Constance Cooper, Esq. ("Cooper"), entered an appearance in this matter on behalf of Barrett & Farahany and filed a notice of attorney's lien.  Doc. 23.

**B.     Procedural Background**

Plaintiff Jeremy Drummond ("Plaintiff") originally filed this action with this Court on March 6, 2024, and brings claims against Defendant Respiratory Sleep Solutions d/b/a Stratus Neuro ("Defendant") for violations of the Americans with Disabilities Act ("ADA"), specifically for a failure to accommodate, discrimination, and retaliation.  Doc. 1.  Defendant filed its answer to the complaint on May 30, 2024.  Doc. 7.

On November 6, 2024, Cooper filed the notice of attorney's lien.  Doc. 23.  In response, Plaintiff filed the instant motion to quash for which the Court entered a briefing schedule (Doc. 25), and the Court set the matter for a hearing for December 19, 2024 (Doc. 26), as Plaintiff requested in the motion.  The parties timely filed their respective response (Doc. 27) and reply (Doc. 28).  Plaintiff then filed a motion to amend his reply (Doc. 29), which the Court granted (Doc. 30), and Plaintiff filed an amended reply on December 2, 2024 (Doc. 31).  The motion is

ripe for review based on the briefing and oral argument.

## II.     DISCUSSION AND ANALYSIS

Plaintiff presents two arguments in support of the motion: (1) Cooper is not a proper party to enforce the lien because she was never an attorney of record in this matter and (2) Cooper has not perfected the lien because she did not submit evidence for the Court to determine a lien amount. Doc. 24.

In response to Plaintiff's first argument, Cooper argues a law firm is a proper party to recover its fee under the Alabama attorney lien statute, which is supported by Alabama case law that provides examples of law firms that were awarded compensation under the statute. Doc. 27 at 1-8. As to Plaintiff's second argument, Cooper argues Plaintiff's position is unsupported by case law and a trial court is empowered to determine the quantum meruit value for rendered services, typically after a hearing. *Id.* at 9. Finally, Cooper requests the Court order Plaintiff pay Barrett & Farahany for its representation of him pursuant to the representation agreement. *Id.* at 13.

To dispose of the instant motion, the Court need only address whether Cooper, on behalf of Barrett & Farahany, is a proper party to enforce the lien pursuant to the relevant state statute.

"Federal courts sitting in a state enforce that state's statute creating attorneys' liens." *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1514 (11th Cir. 1988). The relevant Alabama statute in this case is Ala. Code § 34-3-61(b), which reads:

> Upon actions and judgments for money, [attorneys-at-law] shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.

When confronted with the issue of who is allowed to enforce a lien in an action under the

statute, the Northern District of Alabama determined from its review of Alabama case law:

> [A]n attorney must have been the attorney of record for the client whose funds he or she wishes to put a lien on at some point during the litigation. *Triplett v. Elliott*, 590 So. 2d 908, 910 (Ala. 1991) (affirming trial court award of attorney fees under lien statute to attorney who had "worked on the present case for . . . two and one-half years . . . . [,] entered an appearance on [the client's] behalf, took all of the depositions, issued subpoenas, prepared all of the pleadings, prepared interrogatories and requests for production, attended pretrial conferences, filed exhibit and witness lists, and attended the call of the trial docket . . . ."); *Boykin Timber & Farm Res., Inc. v. Nix*, 438 So. 2d 294, 295 (Ala. 1983) ("Only attorneys of record, the practicing attorneys who actually sign pleadings and actively participate int eh crucial phases of their clients' litigation, are proper parties to enforce a lien under the authority of . . . § 34-3-61."); *McBride v. Ellard*, 273 Ala. 467, 142 So. 2d 895, 897 (Ala. 1962) (stating that it is a requirement for intervening attorney seeking a lien out of settlement funds to allege that he is an attorney of record in the bill of intervention); *Gulf States Steel Co. v. Justice*, 204 Ala. 577, 87 So. 211, 212-18 (Ala. 1920) (discussing how, though three attorneys were employed by contract, because only one attorney had been the attorney of record, he was the only proper attorney to file a lien against the settlement funds); *Eaton v. Keller Plumbing Co.*, 587 So. 2d 338, 339 (Ala. Civ. App. 1991) (disallowing general partner of two no longer existing law firms from claiming a lien under § 34-3-61 because she "was not attorney of record at the time," and was thus "not a proper party to claim or enforce a lien" under the statute); *see also, e.g.*, *In re McCrackin*, BK 04-73189-CMS-13, 2007 Bankr. LEXIS 1834, 2007 WL 1526435, *2-4, (Bankr. N.D. Ala. May 24, 2007) (applying Alabama lien statute and allowing recovery for attorney who had filed suit for plaintiff (i.e., attorney of record) and who had been retained under a contingency fee agreement, but whose employment had been terminated before settlement of the case); *Harlow* [*v. Sloss Indus. Corp.*], 813 So. 2d [879,] 890 [(Ala. Civ. App. 2001)] (allowing attorney admitted to appear pro hac vice to recover under the statute); *Goldberg & Assocs., P.C. v. Donohoe*, 777 So. 2d 144, 144-46 (Ala. Civ. App. 2000) (remanding case to trial court to determine amount owed to former attorneys of record who intervened and sought recovery under § 34-3-61); *Carnes v. Shores*, 55 Ala. App. 608, 318 So. 2d 304, 306-08 (Ala. Civ. App. 1975) (allowing former attorney of record to intervene in a lawsuit to recover from settlement funds under a predecessor statute to § 34-3-61).

*Twin Pines Coal Co., Inc. v. Twin Pines, LLC*, Civ. Act. No. 2:09-cv-1403-SLB, 2013 U.S. Dist. LEXIS 22053, at *16-*18, 2013 WL 622369, at *4 (N.D. Ala. Feb. 19, 2013).

In this case, the only attorney who has entered a notice of appearance on behalf of Plaintiff is Fonteneau.

Cooper cites to several Alabama cases to support her argument that a law firm is a proper

party to recover its fee under the Alabama attorney lien statute: *Rose v. Penn & Seaborn, LLC*, 295 So. 3d 94 (Ala. 2019), *Ex parte Lambert Law Firm, LLC*, 156 So. 3d 939, 941(Ala. 2014), *Goldberg*, 777 So. 2d 144, *Harris v. Cappell & Howard, P.C.*, 280 So. 3d 419 (Ala. Civ. App. 2019), *Pop, McGlamry, Kilpatrick, Morrison & Norwood, P.C. v. Dubois*, 266 So. 3d 1064, 1081 (Ala. Civ. App. 2017), and *Gaines & Gaines, P.C. v. Hare, Wynn, Newell & Newton*, 554 So. 2d 445 (Ala. Civ. App. 1989).

None of Cooper's cited cases, however, directly address the issue of who is a proper party to file a lien pursuant to Ala. Code § 34-3-61. Some of the cases to which Cooper cites are distinguishable in that any liens that were filed in those matters were filed by at least one attorney who had entered a notice of appearance for the party against whom the lien was filed. *See Rose*, 295 So. 3d at 96 (detailing plaintiff's previous attorneys filed a notice of an attorney's lien after plaintiff terminated their representation of him); *Ex parte Lambert Law Firm, LLC*, 156 So. 3d at 941-42 (holding, in a mandamus action to halt the transfer of funds before the amount of attorneys' liens were determined, an attorney of record who represented the plaintiff demonstrated a clear legal right to have the trial court determine the amount of his lien before it distributed settlement funds); *Harris*, 280 So. 3d at 424 (stating the general rule that the proper party to enforce an attorney's lien is an attorney of record).

In *Goldberg*, the appellate court concluded the trial court erred when it failed to award attorney's fees to plaintiff's former attorneys and remanded the matter for the trial court to determine the appropriate fees to be awarded to the former law firm. 777 So. 2d at 146. Importantly, as Plaintiff notes in his reply, an attorney of record filed the lien. *Id.*

In the remaining case that Cooper cites, *Dubois*, the appellate court did not address the trial court's finding that the claimant law firm was not a real party in interest for purposes of Ala. Code

§ 34-3-61 and, instead, affirmed the trial court decision to not award the law firm attorney's fees because the firm failed to show it was entitled to such pursuant to the factors that are described in *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983). *Dubois*, 266 So. 3d at 1083.

Accordingly, since Cooper was not an attorney of record for Plaintiff in this matter, she does not have standing pursuant to Ala. Code § 34-3-61 to enforce Barrett & Farahany's lien. The Court notes Barrett & Farahany is not foreclosed from pursuing their claims through other means or in other venues. Nothing in this opinion should be construed as a determination on the merits of what Barrett & Farahany seeks.

### III.  CONCLUSION

Accordingly, the motion to quash (Doc. 24) is **GRANTED,** and the notice of attorney's lien (Doc. 23) is **QUASHED**.

**DONE** and **ORDERED** this 7th day of January 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE